PATIENCE DRAKE ROGGENSACK, C.J.
¶ 57 (dissenting). The Office of Lawyer Regulation (OLR) initially requested that we impose 60 days suspension for the six counts of misconduct that it alleged.[1] The referee recommended four months suspension for the five counts that OLR proved and for the referee's conclusion that David J. Winkel was not honest in his *813 testimony. At oral argument, which was held subsequent to the parties receiving the referee's findings and recommendation, OLR again requested that we impose 60 days suspension for the five counts of misconduct.
¶ 58. I respectfully dissent because by imposing the referee's recommended four month suspension, which is double what OLR sought, the majority appears to have adopted the referee's conclusion that Attorney Winkel was not honest in his testimony at the hearing the referee conducted. However, Winkel was not charged with giving untruthful testimony to the referee. Therefore, to increase his punishment based on the referee's conclusion that he was untruthful denies Winkel due process of law.
¶ 59. To explain further, the referee recommended a 100% increase in the 60-day suspension that the OLR requested because the referee believed that Winkel was not honest in his testimony at the referee's hearing. In that regard the referee said,
OLR's recommendation of a 60-day suspension may have been appropriate before the hearing started; by the time it ended it was definitely not sufficient. Were 1 to recommend a 60-day suspension here I would be undercutting the values of truthfulness and honesty which are at the very heart of the legal system.[2]
¶ 60. While the referee's comments about Winkel's truthfulness may be a basis for a new disciplinary charge, to discipline Winkel for a count of misconduct without notice or an opportunity to be heard violates Winkel's right to due process. As we have held, an attorney has a constitutional due process right in a disciplinary proceeding to "prior notice *814 of the charges, the right to prepare and defend against the charges, and the right to a full hearing" thereon. In re Disciplinary Proceedings Against Gamino, 2005 WI 168, ¶ 48, 286 Wis. 2d 558, 707 N.W.2d 132. Winkel had no notice of a charge that he gave untruthful testimony, nor the right to defend against it, nor a hearing on whether the referee's conclusion was correct. Because due process is foundational to our disciplinary process, and because Winkel was not accorded due process, I respectfully dissent.
¶ 61. I also write because I have an additional concern about what is permitted when OLR proceeds on an ethical allegation. My concern is that by providing proof of past disciplinary history of an attorney as he or she attempts to defend against current charges, it is possible that a referee's opinion of an attorney's alleged misconduct may be prejudiced.
¶ 62. Here, the referee commented about Winkel's veracity after his review of Winkel's prior disciplinary history. The last disciplinary matter arose from 2003 conduct, 12 years ago.[3] However, the referee drew from those two cases as a foundation for his conclusion in this case. He also reviewed the underlying reports of the referees on those two cases, even though the reports were not in the record of this case.[4] As he was drawing his conclusions, the referee said, "his prior disciplinary history involves this very same type of misconduct. In this regard, a review of not *815 only the two prior decisions of this Court, but also the underlying referees' reports, is instructive."[5]
¶ 63. Winkel's counsel noted the effect of those prior proceedings on the referee's consideration of Winkel's defense. He suggested that, as with a jury, a fact-finding referee should not be able to employ a defendant's past disciplinary history as proof of present conduct. I agree with Winkel's counsel that past disciplinary history should not be part of prosecution for a new charge, although it is relevant in deciding on the sanction if charges are proved. I urge my colleagues on the court to consider whether we need to amend our SCR ch. 20 and ch. 22 to address this concern.
¶ 64. I am authorized to state that Justice ANNETTE KINGSLAND ZIEGLER joins this dissent.
MICHAEL J. GABLEMAN, J.
¶ 65. (dissenting). I dissent from the Court's opinion. I agree with Chief Justice Roggensack that a 60 day suspension is appropriate.

 OLR dismissed Count 4 prior to the hearing before the referee.

 Referee's report, p. 60.

 In re Disciplinary Proceedings Against Winkel, 2005 WI 165, ¶ 2, 286 Wis. 2d 533, 706 N.W.2d 661 (public reprimand); and In re Disciplinary Proceedings Against Winkel, 217 Wis. 2d 339, 340, 577 N.W.2d 9 (1998) (public reprimand).

 Referee's report pp. 52-54.

 Id,., p. 52.